IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHELBY LOUANN OWENS, | § | |
| *Plaintiff*, | § § § | 5-25-CV-00812-FB-RBF |
| vs. | § § | |
| AUTO-OWNERS SPECIALITY INSURANCE COMPANY, | § § § | |
| *Defendant*. | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Shelby Louann Owens' Motion to Remand. *See* Dkt. No. 7 ("Mot."). All pretrial matters in this action have been referred for resolution, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 6. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Owens' Motion to Remand, Dkt. No. 7, should be **DENIED.**

**Factual and Procedural Background**

This underinsured-motorist case arises from a February 14, 2025, motor-vehicle accident allegedly caused by the negligence of a driver who is not a party to this action. Mot. at 1-2. After exhausting the insurance coverage available under the nonparty driver's policy, Plaintiff Owens requested that her insurer, Defendant Auto-Owners Specialty Insurance ("Auto-Owners

Specialty"), pay the $50,000 policy limit available for accidents involving underinsured motorists. *Id*. at 2, 4. Auto-Owners Specialty denied the claim. *Id*. at 2.

Owens brought the instant action against Auto-Owners Specialty on June 9, 2025, alleging claims for negligence, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, breach of contract, and personal injury damages, as well as a request for a declaratory judgment. *See generally* Dkt. No. 1-1. On July 14, 2025, Auto-Owners Specialty filed a Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity of citizenship. Dkt. No. 1.

Eight weeks later, on August 13, 2025, Owens filed the present Motion. *See* Mot. In her Motion, Owens concedes that the requirement for complete diversity between the parties is met, *id*. at 3, but argues that the amount in controversy does not exceed the $75,000 threshold. *Id*. at 4. Specifically, Owens notes that the insurance policy at issue has a limit of $50,000, and that "[a]lthough there are allegations of claims for negligence, breach of duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act, Insurance Code violations, breach of contract, and for declaratory judgment, Plaintiff's Original Petition in State Court seeks relief of no more than $74,999.00, inclusive of attorney fees." *Id*. Indeed, her June 9, 2025, Original Petition claims that she "seeks monetary relief of no more $74,999.00, inclusive of attorney fees," Dkt. No. 1-1 at 6, from Auto-Owners Specialty, and she further executed an affidavit on June 6, 2025, stipulating that "[her] claim against [Auto-Owners] does not exceed $74,999," *id*. at 6, 11.

In response, Auto-Owners Specialty first argues that Owens' effort to oppose removal is untimely. *See* Dkt. No. 8 ("Resp.") at 1-2. It further argues that Owens is attempting to artfully

2

plead around the jurisdictional amount-in-controversy requirement and that her affidavit "was executed in order to avoid the jurisdiction of the federal court despite the clear language of a lengthy list of damages, including punishment damages, which [Owens] is attempting to recover for." *Id*. at 6.

## Analysis

On a motion for remand, "[t]he removing party," here Auto-Owners Specialty, "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Before a state-court civil action may be removed to federal district court, the action must satisfy § 1441," which "[i]n relevant part [ ] provides" that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . .

*Energy Mgmt. Services, LLC v. City of Alexandria*, 739 F.3d 255, 258 (5th Cir. 2014) (quoting 28 U.S.C. § 1441(a) with emphasis removed). "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements" or arises out of a federal question. *Id*. at 258-59.

As mentioned, removal here was pursuant to the Court's diversity jurisdiction. Diversity jurisdiction requires complete diversity and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332 & 1441. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quotation omitted). There is no dispute here concerning complete diversity of citizenship, Dkt. No. 8 at 4, 11-12, and the notice of removal adequately addresses the topic, *see* Dkt. No. 1 at 3. At issue,

therefore, is the amount in controversy. Specifically, the parties take issue with the effectiveness of Owens' pleadings and affidavit purporting to limit her claim such that it "does not exceed $74,999." Dkt. No. 1-1 at 6, 11.

Different situations can be presented when a motion to remand is at issue. First, in a case in which the amount-in-controversy requirement is met by express allegations in the plaintiff's pleadings, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount" before the federal court can decline jurisdiction and order remand. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (quotation omitted), *superseded by amendment on other grounds*, Tex. R. Civ. P. 47. Next, in a situation "where the plaintiff has alleged an indeterminate amount of damages . . . the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the threshold. *Id*. (quotation omitted). Third is the situation where "the plaintiffs, in a bold effort to avoid federal court, have specifically alleged that . . . damages will not exceed the jurisdictional amount." *Id*. at 1409-10. In such a case, the Fifth Circuit directs as follows:

> [W]e hold that if a defendant can show [by a preponderance of the evidence] that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint. Such a rule is necessary to avoid the sort of manipulation that has occurred in the instant case.

*Id*. at 1411.

### A. Auto-Owners Specialty Has Shown That the Amount in Controversy Exceeds the Threshold.

"When a defendant seeks removal on the basis of diversity jurisdiction, the federal court generally determines the amount in controversy based on the specific, 'good faith' sum demanded by the plaintiff in its state court petition . . . ." *InVas Med. Devices, LLC v. Zimmer*

4

*Biomet CMF & Thoracic, LLC*, No. 3:21-CV-2947-G, 2022 WL 4538459, at *7 (N.D. Tex. Sept. 28, 2022) (quoting 28 U.S.C. § 1446(c)(2)). The amount in controversy includes not only compensatory damages but also any punitive damages and attorneys' fees. *See, e.g.*, *Bell v. Preferred Life Assur., Soc.*, 320 U.S. 238, 240-41 (1943) (including actual and punitive damages in the amount in controversy); *In re Abbott Labs.*, 51 F.3d 524, 526-27 (5th Cir. 1995) (same with respect to attorneys' fees). As mentioned, Auto-Owners Specialty contends that Owens' pleading is an effort to avoid federal jurisdiction, and in such circumstances "[t]he defendant must produce evidence that establishes [by a preponderance of the evidence] that the actual amount in controversy exceeds" the jurisdictional threshold. *De Aguilar*, 47 F.3d at 1412. It can, however, be facially apparent based on the claims asserted that the amount in controversy exceeds the limit. *See id*.

Here, the Petition on its face seeks "damages related to various claims for breach of contract, negligence, violations of the Deceptive Trade Practices Act and violations of the Insurance Code. [Owens] also requested reasonable attorney's fees . . . and . . . personal injury damages that she alleges to have incurred." Dkt. No. 8 at 7-8; *see* Dkt No. 1-1 at 3-9. She also seeks "in addition to actual damages, two (2) times the amount of actual damages" for violations of the Texas Insurance Code § 541.061 and up to "three (3) times the amount of actual damages" for violations of Texas Business and Commerce Code § 17.41 *et seq*. Dkt. No. 1-1 at 6-7. And Owens also requests damages for past and future pain and suffering; past and future mental anguish; past and future medical expenses; past and future disfigurement; past and future impairment; lost wages; and lost future wage-earning capacity. *Id*. at 8-9. Finally, the Petition designates the case as requiring Level 3 discovery in state court. *Id*. at 1. Level 1 discovery is reserved for expedited actions and divorces with an amount in controversy under $250,000;

Level 3 discovery, by contrast, is reserved for complex cases and a substantial amount in controversy. *See* Tex. R. Civ. P. 190.2, 190.3, 190.4; *see also, e.g.*, *List v. PlazAmericas Mall Tex., LLC*, No. CV H-18-4810, 2019 WL 480130, at *3 (S.D. Tex. Feb. 7, 2019) ("[Plaintiff's] request for a Level 3 discovery schedule supports [Defendant's] argument that the amount in controversy exceeded $75,000."). In short, setting aside Owens' effort to cabin the amount at issue via a specific amount pleaded or stipulation, it is facially apparent—and certainly established by a preponderance of the evidence—that the case involves an amount in controversy over the $75,000 threshold.

Because Auto-Owners Specialty has shown that Owens raises a claim that readily exceeds the $75,000 amount-in-controversy requirement, the Court must consider the effect, if any, of Owens' effort expressly to cabin her claim to an amount less than the threshold.

**B.      Owen's Attempt to Stipulate Damages of Less Than $75,000 Fails.**

We start with the general rule that "if a plaintiff pleads damages less than the jurisdiction amount, [s]he generally can bar a defendant from removal." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). But "[t]he inquiry . . . does not end merely because the plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in bad faith." *De Aguilar*, 47 F.3d at 1410. Moreover, the pleadings will not control the amount in controversy when state practice does not permit a demand for a specific sum of damages. *See. e.g.*, *id*. Thus "where the plaintiff's claims can be proved to be of the type that are worth more than [$75,000], they can be removed unless the plaintiff can show [s]he is legally bound to accept less." *Allen*, 63 F.3d at 1335 n.14; *see also id*. Put another way, "the plaintiff must be able to show that, as a

matter of law, it is certain that he will not be able to recover more than the" jurisdictional limit. *De Aguilar*, 47 F.3d at 1411.

Owens' state court Petition and affidavit fail under *Allen* and *De Aguilar* because they purport to limit only Owens' "claim," not her ultimate recovery. While Owens purports to "seek[] monetary relief of no more $74,999.00, inclusive of attorney fees," Dkt. No. 1-1 at 6, and stipulates that "[her] claim against [Auto-Owners] does not exceed $74,999," *id*. at 6, 11, she does not take sufficient steps under Fifth Circuit precedent to limit her ultimate *recovery* to less than the threshold. In this regard, "a binding stipulation that a plaintiff *will not accept* damages in excess of the jurisdictional amount defeats diversity jurisdiction." *Espinola-E v. Coachoma Chem. Co.,* 248 F.3d 1138, *2 (5th Cir. 2001) (per curiam) (emphasis added). And "a binding stipulation or affidavit with the[] [petition], stating that [the plaintiff] affirmatively seek[s] less than the jurisdictional threshold, *and further stating that [the plaintiff] will not accept an award that exceeds that threshold*" would suffice to avoid removal. *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010) (emphasis added). The issue with Owens's affidavit is that she only advises the Court as to what she *seeks* and not what she is legally bound to *accept*. Owens thus fails to show "as a matter of law, [that] it is certain [s]he will not be able to recover" in excess of $75,000. *De Aguilar*, 47 F.3d at 1411.

To explain further, Owens' affidavit asserts, "My claim against AUTO-OWNERS SPECIALITY INSURANCE COMPANY does not exceed $74,900." Dkt. No. 1-1 at 11. While this might establish that Owens seeks an amount less than the threshold, it does not legally bind her to accept less than $75,000. This distinction is an important one, because without it plaintiffs could stipulate that their claims do not exceed $74,999—in order to avoid litigating in federal court—even as their claims promise to yield greater than a $75,000 recovery. Only if there is a

stipulation that the plaintiff will not accept more than $75,000 can a court determine, with the degree of legal certainty required by prevailing Fifth Circuit law, that the amount in controversy is below the threshold.

The Fifth Circuit decisions cited *supra* support this conclusion. Both *Espinola-E* and *Ditcharo*, for example, zero in on what the plaintiff is willing to accept, not just what the plaintiff seeks. *See Espinola-E*, 248 F.3d at *2; *Ditcharo*, 376 F. App'x at 437. Subsequent District Court decisions in Texas have also focused on whether a plaintiff's stipulation establishes what they will accept, including a decision from within this District. *See Morales v. Allstate Texas Lloyds*, 410 F. Supp. 3d 816, 822-23 (S.D. Tex. 2019); *Espinoza v. Allstate Texas* Lloyd's, 222 F. Supp. 3d 529, 535 n.8 (W.D. Tex. 2016). The Court follows the Fifth Circuit's lead on this issue, consistent with other District Court decisions, and concludes that Plaintiff's stipulation is insufficient to avoid removal.

Moreover, it is further unclear whether a Texas plaintiff could successfully plead a specific amount that falls under the jurisdictional limit. The state court pleading is governed by the Texas Rules of Civil Procedure, and Rule 47 requires a plaintiff to plead one of five damage ranges, such as monetary relief of $250,000 or less; monetary relief over $250,000 but not more than $1,000,000; or monetary relief over $1,000,00. *See* Tex. R. Civ. P. 47(c)(1)-(5). Rule 47, however, does not address the situation where a plaintiff pleads an amount within one of these ranges but not a range itself. *See generally id*.

Federal "[d]istrict courts [within the Fifth Circuit] . . . have divided on whether a complaint pled under the Texas Rules of Civil Procedure may now demand a specific amount in damages." *Morales*, 410 F.Supp.3d at 821. The majority of such courts have determined that a plaintiff may not and must instead select a range defined by the rule. *Id*. An effort to plead a

specific amount below the $75,000 threshold, these courts reason, evinces a bad-faith effort to avoid removal. *See Espinoza*, 222 F. Supp. 3d at 536 (citing *Chavez v. State Farm Lloyds*, Civ. A. No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016)). The minority position is that pleading a specific amount effectively selects one of the ranges and therefore does not undermine or contravene the Texas pleading rule. *Morales*, 410 F.Supp.3d at 821. The Court need not address this issue head-on here because to the extent Owens invokes an amount certain in her Petition she does so in a way that fails to sufficiently limit her recovery to less that the jurisdictional limit.

   C. **The Motion to Remand Is Not Untimely.**

Because the Court has determined that Owens' Motion fails on the merits, it need not address Auto-Owners Specialty's argument that the Motion to Remand should be denied as untimely. In any event, the Court provides the following brief discussion to explain why Auto-Owners Specialty's timeliness argument is unavailing.

Under 28 U.S.C. § 1447(c), "a motion to remand the case on the basis of any defect *other than subject matter jurisdiction* must be made within the 30 days after the filing of the notice of removal under section 1446(a)." (emphasis added). The 30-day deadline to seek remand, in other words, applies to alleged procedural defects with the removal; it doesn't limit the time for seeking remand based on a purported lack of subject matter jurisdiction. *See id.*; *see also*, *e.g.*, *Scott v. Communications Services, Inc.*, 762 F. Supp. 147, 152 (S.D. Tex. 1991), *aff'd sub nom. Scott v. Communications Services*, 961 F.2d 1571 (5th Cir. 1992) (noting that party's objection to allegedly untimely motion to remand "is not well taken, because [the] motion to remand challenged not [the removing party's] removal procedure, but the district court's subject matter

jurisdiction. Because the court lacks subject matter jurisdiction over the claims, a motion to remand is proper at any time before final judgment.").

The Motion before the Court addresses the amount in controversy, which implicates subject matter jurisdiction. The Motion therefore addresses a basis for remand specifically excepted from the 30-day limit under § 1447(c). A finding of timeliness here comports with the general rule that subject matter jurisdiction is a bedrock requirement for any matter before a federal court, and that issues regarding its validity can be raised at any point in the litigation process. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). For this same reason, Auto-Owners Specialty's reference to Local Rule CV-7, which governs motions and responses to motions, does nothing to assist its argument, even assuming for argument's sake that Local Rule CV-7 applied here to require a response within 14 days from the notice of removal, which it does not.

### Conclusion and Recommendation

In view of the foregoing arguments and authorities, it is recommended that Plaintiff's Motion to Remand, Dkt. No. 7, should be **DENIED.**

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

**SIGNED** this 4th day of November, 2025.

									_____
									**RICHARD B. FARRER**
									**UNITED STATES MAGISTRATE JUDGE**